JOHN L. BURRIS, ESQ., SB #69888
Law Offices of John L. Burris
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONIA MOORE, KENYA BINGHAM, AISHA BOLDS, SIMONE HILL, HILLARY CROSLEY, RIAN HASSON, and TIFFANY SWYGERT,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OAKLAND, a municipal corporation; RICHARD WORD, in his capacity as Chief of Police for the CITY OF OAKLAND; BARIWIN HOWARD, individually and in his capacity as a police officer for the CITY OF OAKLAND; and Oakland police officers DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES. JURY TRIAL DEMANDED** |

## JURISDICTION

1.    This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Oakland, County of Alameda, California, which is within this judicial district.

## PARTIES

2.  Plaintiffs herein, Donia Moore, Kenya Bingham, Aisha Bolds, Simone Hill, Hillary Crosley, Rian Hasson, and Tiffany Swygert are and were at all times herein mentioned citizens of the United States residing in various counties in California.

3.  Defendant City of Oakland ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California.

4.  At all times herein, Defendants BARIWIN HOWARD; and DOES 1 through 25, inclusive, were employed by Defendant CITY as police officers. Defendant police officers are sued herein individually, and in their capacity as police officers for Defendant CITY. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

5.  DOES 1 through 10, inclusive, are Defendant police officers employed by Defendant CITY, acting within the course and scope of their employment by Defendant CITY, who were directly involved in the wrongful and excessive use of force against Plaintiffs, as described hereinafter.

6.  DOES 11 through 25, inclusive, are Defendant police officers employed by Defendant CITY, acting within the course and scope of their employment by Defendant CITY, who were employed in a supervisor capacity by Defendant CITY and were responsible in some manner for properly and adequately training Defendant police officers employed by the CITY in the proper and reasonable use of force and proper means of crowd control.

7.  Plaintiffs are ignorant of the true names and capacities of Defendant DOES 1 through 25, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the true names and capacities of Defendants DOES 1 through 25, inclusive, when they have been ascertained.

8. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

## STATEMENT OF FACTS

9. On May 28, 2000 a collegiate graduation party was held at the Henry J. Kaiser Convention Center. At approximately 11 p.m., Plaintiffs, who are all members of Alpha Kappa Alpha Sorority and attend either UC Berkeley or UC Davis, were dressed in formal attire when they joined a large crowd at the main entrance to the party. A disruption occurred at the door that caused the Oakland police security detail for the party to close admission into the party from the remaining patrons in line. As a result, Plaintiffs' group was split in two: a small group made it into the party and the vast majority of the group was left outside. The group that was unable to get into the party remained in the parking lot while they waited for their friends to exit.

10. Plaintiff, DONIA MOORE, a junior at UC Davis, was speaking with Defendant BARIWIN HOWARD, an Oakland police officer who was guarding the front door, inquiring how she could contact the other members of her group that were now inside of the party. Defendant HOWARD seemed very irritated with Plaintiff MOORE'S questions. Defendant HOWARD then threatened to push Plaintiff MOORE if she did not leave the area. Plaintiff MOORE was standing at the top of a stairwell. As Plaintiff MOORE walked away Defendant HOWARD pushed her right shoulder almost causing her to fall down the stairs. As Plaintiff MOORE regained her balance Defendant HOWARD hit her in the face with his fist three times causing her to fall to the ground. While Plaintiff MOORE was on the ground, Defendant HOWARD took out his nightstick and began beating her about the body with it.

11. These actions caused a widespread panic; many of the students ran to Plaintiff MOORE'S aid while others ran to get help or to get away from the situation.

12. Plaintiff AISHA BOLDS, also a junior at UC Davis, was near Plaintiff MOORE and helped her to her feet. They began walking away when Plaintiff BOLDS heard Defendant HOWARD yelling, "let her go! She's mine, you can't have her!" Defendant HOWARD chased

them. Defendant HOWARD repeatedly swung his nightstick at them, striking Plaintiff BOLDS about the left leg, arm, and neck.

13. Plaintiff RIAN HASSON, a junior at UC Berkeley, also helped Plaintiff MOORE to her feet and escorted her away to escape further injury. When Defendant HOWARD caught up to Plaintiffs MOORE, BOLDS, and HASSON he grabbed Plaintiff MOORE by her hair and right arm. Defendant HOWARD threw Plaintiff MOORE into the street by her hair causing her to hit her head on the ground. Plaintiff HASSON also fell in the street. Defendant HOWARD hit both Plaintiffs MOORE and HASSON about the legs and body with his nightstick.

14. Plaintiff HILLARY CROSLEY, a sophomore at UC Davis, witnessed Defendant HOWARD attacking her friends and screamed for him to stop. Defendant HOWARD then began chasing Plaintiff CROSLEY. Defendant HOWARD caught Plaintiff CROSLEY and choked her from behind with his nightstick. Defendant HOWARD then threw Plaintiff CROSLEY to the ground by pushing her head causing her to fall.

15. Plaintiff SIMONE HILL, a senior at UC Davis, rushed toward Plaintiff MOORE when she witnessed the attack. Plaintiff HILL was intercepted by Defendants DOES 1 and 2. DOE 2 grabbed Plaintiff HILL from behind by her throat, while DOE 1 struck her in her stomach with his nightstick. Plaintiff HILL became entangled in DOE 1's radio cord; he grew irritated and raised his nightstick as though he were going to strike her over the head. Plaintiff HILL managed to free herself and fled.

16. Plaintiff KENYA BINGHAM, a senior at UC Berkeley, witnessed Plaintiff MOORE being attacked and approached DOE 1 to ask for assistance. DOE 1 swung at her head with his nightstick. As she ran away, Plaintiff BINGHAM saw another officer pointing his nightstick as though it were a rifle at the Plaintiffs running by; he and several other officers laughed at his gesture.

17. Plaintiff TIFFANY SWYGERT, a junior at UC Berkeley, witnessed Plaintiff MOORE being attacked and she fled the area. DOE 1, who yelled something that she could not understand, approached Plaintiff SWYGERT. DOE 1 then punched Plaintiff SWYGERT in the

mouth with his fist.  As Plaintiff SWYGERT doubled over from the pain of the strike, DOE 2 struck her about the legs with his nightstick.

18. None of the Plaintiffs herein, were fighting or threatening to anyone including Defendant HOWARD.

19. The above-described assault and battery of Plaintiffs by DOES 1 through 10 herein was brutal, malicious, and done without any just provocation or cause, proximately causing injuries and damages to Plaintiffs.

## DAMAGES

20. As a proximate result of Defendants' conduct, Plaintiffs suffered pain and physical injuries. As a further proximate result of Defendants' conduct, Plaintiffs suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of their sense of security, dignity, and pride as United States citizens.

21. Plaintiffs were assaulted and battered and detained without any just provocation or probable cause, by Defendants DOES 1 through 25, inclusive.  Plaintiffs physical injuries included, but were not limited to the following: Plaintiffs were physically and mentally and emotionally injured and damaged as a proximate result of this incident.  DONIA MOORE'S right jaw and forehead were bruised.  AISHA BOLDS suffered bruises, cuts and lacerations on her neck, legs, and arms.  RIAN HASSON also suffered bruises to the head and legs.  HILLARY CROSLEY suffered neck soreness, problems swallowing, and bruises to her legs, knees, and arms.  SIMONE HILL suffered a bruised stomach.  TIFFANY SWYGERT suffered busted lips, and bruises to the legs.

22. As a further proximate result of Defendants' conduct, some Plaintiffs have incurred medical expenses.

23. The conduct of Defendants DOES 1 through 10, inclusive, was malicious, wanton, and oppressive.  Plaintiffs are therefore entitled to an award of punitive damages against said defendant police officer employees of the CITY.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS        5

24. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

FIRST CAUSE OF ACTION
(42 U.S.C Section 1983)
(Against Defendant DOES 1 through 10, inclusive)

25. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 24 of this complaint.

26. In doing the acts complained of herein, Defendants DOES 1 through 10, inclusive, acted under color of law to deprive Plaintiffs of certain constitutionally protected rights including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth amendments of the United States Constitution;

   d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and,

   e. The right to be free from interference with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendants CITY, RICHARD WORD, and DOES 11 through 25, inclusive)

27. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 26 of this complaint.

28. Defendant CITY OF OAKLAND, by and through its supervisory employees and agents, RICHARD WORD, Chief of Police for the CITY OF OAKLAND, and DOES 11 through 25, INCLUSIVE, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference to the civil rights and safety of Oakland citizens, CITY, RICHARD WORD, and DOES 11-25, inclusive failed to take necessary, proper, or adequate measures to prevent the violation of Plaintiffs' rights and injuries to Plaintiffs. CITY, RICHARD WORD, and DOES 11-25, inclusive, breached their duty of care to citizens in that they failed to adequately train police officers, including DOES 1-10 in the proper use of force and crowd control, and/or failed to have adequate policies and procedures regarding the proper use of force and crowd control. This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force by police officers employed by Defendant CITY.

29. The acts of Defendant police officers alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, RICHARD WORD, and DOES 11-25, inclusive, to violation of the constitutional rights of citizens by Defendant police officers herein, and other members of the Oakland Police Department ("OPD"). Plaintiffs' injuries were foreseeable and a proximate result of the deliberate indifference of CITY, RICHARD WORD, and DOES 11-25, inclusive, to the pattern, practices, customs, and policies described above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(Assault and Battery)
(Against Defendants DOES 1 through 10, inclusive)

30. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 29 of this complaint.

31. Defendants DOES 1 through 10, inclusive, placed Plaintiffs in immediate fear of death and severe bodily harm by attacking and battering them without any just provocation or cause. Defendants committed assault and battery against Plaintiffs by beating Plaintiffs with fists, and nightsticks, without any just provocation or cause.

32. Said Defendant's conduct was neither privileged nor justified under statute or common law.

33. As a proximate result of Defendant's conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants DOES 1 through 10, inclusive)

34. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 33 of this complaint.

35. The conduct of Defendants DOES 1 through 10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs.

36. As a proximate result of Defendants' willful, intentional, and malicious conduct, Plaintiffs suffered severe and extreme mental and emotional distress. Therefore, Plaintiffs are entitled to an award of punitive damages as against said Defendants. Plaintiffs have suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(Against Defendants DOES 1 through 10, inclusive)

37. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 36 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

38. The wrongful conduct of DOES 1 through 10, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiffs.

39. As a proximate result of Defendants' negligent conduct, Plaintiffs have suffered severe emotional and mental distress, having traumatic effect on Plaintiffs' emotional tranquility.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendants DOES 1 through 10, inclusive)

40. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 39 of this complaint.

41. Plaintiffs are informed and believe and thereon allege that the conduct of Defendants DOES 1 through 10, inclusive, as described herein, was motivated by gender prejudice against Plaintiffs. All Plaintiffs herein were and are readily recognizable as women. In engaging in such conduct, said Defendants violated Plaintiffs' rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against them because of their gender.

42. Under the provisions of California Civil Code Section 52(b), said Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

43. As a proximate result of Defendants' wrongful conduct, Plaintiffs' suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendants DOES 1 through 10, inclusive)

44. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 43 of this complaint.

45. The conduct of Defendants DOES 1 through 10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiffs' exercise and enjoyment of their civil rights, as enumerated in paragraph 18 herein, through the use of wrongful and excessive force against Plaintiffs.

46. As a direct and proximate result of said Defendants' violation of Civil Code Section 52.1, Plaintiffs suffered violations of their constitutional rights, and suffered damages as set forth herein.

47. Since said conduct of Defendants occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiffs pursuant to respondeat superior.

48. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
(Negligence)
(Against Defendants DOES 1 through 10, inclusive)

49. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 48 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

50. At all times herein mentioned, Defendants DOES 1 through 10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force. The wrongful conduct of said Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing Plaintiffs to suffer injuries and damages as set forth herein. Pursuant to Government Code Sections 815.2(a), Defendant CITY is vicariously liable to Plaintiffs for their injuries and damages suffered as alleged herein, occurred as a proximate result of the aforementioned wrongful conduct of said Defendants.

51. As a proximate result of said Defendants' negligent conduct, Plaintiffs suffered physical injury, severe emotional and mental distress and injury having a traumatic effect on Plaintiffs' emotional tranquility, and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against Defendant CITY OF OAKLAND, RICHARD WORD, and DOES 11 through 25, inclusive)

52.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 51 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

53.  At all times herein mentioned, Defendant CITY by and through its supervisory employees and agents, RICHARD WORD, Chief of Police for Defendant CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, RICHARD WORD, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Plaintiffs' rights and injury to Plaintiffs.  CITY, RICHARD WORD, and DOES 11-25, inclusive, breached their duty of care to citizens in that CITY, RICHARD WORD, and DOES 11-25, inclusive, failed to adequately train the CITY's police officers, including Defendants DOES 1-10, inclusive, in the proper and reasonable use of force, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force.  This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by Defendant CITY.

54.  As a proximate result of Defendants CITY, RICHARD WORD, and DOES 11-25, inclusive, negligent conduct, Plaintiffs' suffered physical injury, and severe emotional and mental distress and injury having a traumatic effect on Plaintiffs' emotional tranquility, and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

55.  Plaintiffs hereby demand a jury trial in this action.

PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in the sum of $1,000,000.00;
2. For special damages according to proof;
3. For punitive damages according to proof;
4. For injunctive relief enjoining Defendant CITY OF OAKLAND from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;
5. For violation of California Civil Code 52 and 52.1, statutory damages, and reasonable attorney's fees;
6. For violation of California Civil Code 51.7 pursuant to California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;
7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
8. For costs of suit herein incurred; and
9. For such other and further relief as the Court deems just and proper.

Dated: July 23, 2001　　　　　　　　　　**The Law Offices of John L. Burris**

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　John L. Burris
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs